# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Thomas Yockey, as Parent and Natural Guardian
of Chelsie Yockey and Trevor Yockey,

       Plaintiff,

   v.

South Dakota State Medical Holding Company,
d/b/a DakotaCare,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 11-1462 ADM/SER

_____

Kenneth R. White, Esq., Law Office of Kenneth R. White, PC, Mankato, MN, and James E.
Malters, Esq., Malters, Shepherd & Von Holtum, Worthington, MN, on behalf of Plaintiff.

Melanie A. Full, Esq. and Brian W. Thomson, Esq., Leonard Street and Deinard, PA,
Minneapolis, MN, and Daniel K. Brendtro, Esq. and Jeffery Cole, Esq., Zimmer, Duncan &
Cole, LLP, Sioux Falls, SD, on behalf of Defendant.

_____

## I.  INTRODUCTION

On January 5, 2012, the undersigned United States District Judge heard oral argument on

Defendant South Dakota State Medical Holding Company's ("DakotaCare") Motion to Transfer

Venue Pursuant to 28 U.S.C. § 1404(a) [Docket No. 15].  Plaintiff Thomas Yockey ("Yockey")

opposes the motion.  For the reasons set forth below, the motion is denied.

## II.  BACKGROUND

This case consists of cross claims for declaratory relief concerning the subrogation rights

of Defendant DakotaCare under a group contract with V and S Trucking LLC, Plaintiff Yockey's

employer.  See generally Notice of Removal [Docket No. 1], Att. 1 ("Compl."); Counterclaim

[Docket No. 6[1]].   Yockey is a resident of Lake Benton, Minnesota, which is located near the Minnesota–South Dakota border.  Compl. ¶ II.  V and S Trucking LLC is a trucking business in Corsica, South Dakota.  Counterclaim ¶ 6.  Defendant DakotaCare entered into an agreement with V and S Trucking LLC to provide certain health services to eligible V and S Trucking LLC's employees and their dependents.  Id.

Yockey and his children were enrolled to receive such health services.  Id. ¶ 8; Compl. ¶ IV.  Tragically, Yockey's children were severely injured in an automobile accident on December 30, 2010.  Counterclaim ¶ 10.  The scope of the present dispute between Yockey and DakotaCare focuses on whether the plan was an employee-benefits plan under ERISA or an insurance policy subject to the laws of Minnesota.  See Compl. ¶¶ VI, VIII; Counterclaim ¶¶ 7, 16–21.

Yockey brought suit in Minnesota state court in Lincoln County, his home county.  DakotaCare then removed the case to the U.S. District Court for the District of Minnesota (the "District of Minnesota"), and now seeks to transfer the case to the U.S. District Court for the District of South Dakota (the "District of South Dakota").

## III. DISCUSSION

Defendant seeks to transfer this case to the District of South Dakota pursuant to 28 U.S.C. § 1404(a).  Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Therefore, "[t]he statutory language reveals three general categories of factors that courts must consider when deciding a motion to

---

[1] DakotaCare's Answer and Counterclaim are filed as a single document with separately numbered paragraphs.  For ease, they will be referred to as separate documents, the Answer and the Counterclaim.

transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997) (citing 28 U.S.C. § 1404(a)).  District courts, however, are not limited to those facts, but rather must make a case-by-case evaluation of the circumstances and all relevant factors.  Id. (citations omitted).  "The party seeking transfer bears the burden of proof to show that the balance of factors 'strongly' favors the movant."  Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citation omitted).  As a threshold matter, the parties do not dispute that this case "might have been brought" in the District of South Dakota, and therefore the Court will turn to the Terra factors and the particular circumstances of this case.

DakotaCare argues that both the convenience of the parties and the convenience of the witnesses favor transfer because the U.S. Courthouse in Sioux Falls, South Dakota, is geographically closer to all parties and potential witnesses than the U.S. Courthouses in Minneapolis and St. Paul, Minnesota.  Setting aside that DakotaCare created the inconvenient distances through removal from state court, the Court will give those factors little weight.  First, little, if any, witness testimony will be required in this case–it turns primarily on issues of law. Furthermore, convenience involves more than only geography, and Yockey has decided that this forum is his preference.  The Court owes that choice deference.  See Graff, 33 F. Supp. 2d at 1121(noting that there is a presumption in favor of a plaintiff's choice of forum, particularly where the plaintiff resides in the district in which the lawsuit was filed) (citations omitted).

With respect to the interests of justice, courts generally consider factors such as judicial economy, plaintiff's choice, comparative costs, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court

determine questions of local law.  Terra, 119 F.3d at 696.  Of those factors, the parties agree that

most are neutral.  DakotaCare avers that comparative costs and advantages of having a local

court determine questions of local law favor transfer.  Comparative costs will be given little

weight because DakotaCare has sufficient resources to bear any additional costs of litigating in

Minnesota compared to the intangible costs of depriving Yockey of his choice of forum.  Finally,

as Defendant acknowledges, this case is about whether a Minnesota statute "applies at all" to this

contract.  Mem. in Reply in Supp. of Mot. to Transfer Venue [Docket No. 28] 8.  The interests of

justice are served by having this Court, seated in Minnesota, resolve that question.

Therefore, in light of the interests of justice and the plaintiff's choice of forum,

DakotaCare has not met its burden to establish transfer is warranted.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that DakotaCare's Motion to Transfer Venue Pursuant to 28 U.S.C. §

1404(a) [Docket No. 15] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 12, 2012.